COLUMBUS BAR ASSOCIATION *v.* WINKFIELD.

[Cite as *Columbus Bar Assn. v. Winkfield* (1996), 75 Ohio St.3d 527.]

(No. 95–1219—Submitted December 6, 1995—Decided June 5, 1996.)

*Carlile, Patchen & Murphy* and *Robert B. Barnett, Jr.;* and *Bruce A. Campbell,* Bar Counsel, for relator.

*Charles W. Kettlewell,* for respondent.

---

*Per Curiam.* Upon review of the record and the objections filed by respondent, we concur that clear and convincing evidence establishes his violation of DR 9–102(B)(4). Respondent learned of Brooks's failure to return Thomas's overpayment of $13,956 in 1991 and is accountable pursuant to Gov.Bar R. III(3)(B) and (C).[2]

However, we do not consider respondent's failure to admit or apologize for his wrongdoing a sufficient basis in this case for the board's enhancement of the sanction recommended by the panel. Accordingly, we decline to impose the one-year actual suspension period recommended by the board and adopt the panel's recommendation. We order that respondent receive a one-year suspension from the practice of law in Ohio, but that imposition of this sanction be suspended, provided that proof of full restitution, including interest at the judgment rate, is filed within ninety days of our judgment.[3] Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, BROGAN, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

JAMES A. BROGAN, J., of the Second Appellate District, sitting for WRIGHT, J.

---

2. Under Gov.Bar R. III(3)(B) and (C), the shareholders, directors, and officers of a legal professional association may be held professionally responsible for known misconduct by the association's employees or agents.

3. In his supplemental pleading regarding the payment of full restitution, respondent assures us that he has already completely repaid Thomas. Relator does not dispute this representation; however, Thomas was owed $3,906 as of the panel hearing and, since then, respondent has offered proof only for his payment of $906 to Thomas.

Cook, J., dissenting. I respectfully dissent. The sanction recommended by the board of a one-year suspension from the practice of law and full restitution appears appropriate in light of Mr. Winkfield's conduct and his unwillingness to acknowledge his wrongdoing. The fact that a lawyer fails to accept responsibility for unethical conduct suggests to me that further violation of the Code of Professional Responsibility is more probable than in a case where the breach is acknowledged. On that basis, I reconcile this more severe sanction with the lesser penalty applied to respondent Brooks for his part in handling funds owed to Mr. Thomas. I, therefore, would impose the sanction recommended by the board.

Moyer, C.J., concurs in the foregoing dissenting opinion.