[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 364.]

COLUMBUS BAR ASSOCIATION *v.* WINKFIELD.

[Cite as *Columbus Bar Assn. v. Winkfield*, 2001-Ohio-70.]

*Attorneys at law—Misconduct—Two-year suspension with final year of suspension stayed on condition—Engaging in conduct adversely reflecting on fitness to practice law—Neglect of an entrusted legal matter—Failing to seek lawful objectives of client—Failing to carry out contract of employment—Failing to deposit client funds in an account in which no funds of lawyer are deposited—Failing to render appropriate accounts to client—Failing to promptly deliver clients' funds upon request—Failing to cooperate in a disciplinary investigation.*

(No. 00-1138—Submitted November 28, 2000—Decided April 11, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-13.

—————————————

*Per Curiam.*

{¶ 1} In February 1997, the family of Frederick E. Lowery retained respondent Lawrence Edward Winkfield of Columbus, Ohio, Attorney Registration No. 0034254, and paid him a retainer of $7,000 to investigate and, if possible, obtain postconviction relief for Lowery. Lowery was convicted in 1993 of aggravated robbery. Respondent told the family that he would charge $150 an hour against the retainer and discussed with them the options of supershock probation and a motion to reconsider. Respondent did not deposit the retainer in a separate trust account.

{¶ 2} The potential remedies respondent discussed with the family were unavailable because of the nature of Lowery's conviction. Although respondent obtained and examined the relevant court files, spoke with Lowery on the phone,

and unsuccessfully attempted to honor his commitment to visit Lowery in prison, he filed no court papers on Lowery's behalf.

{¶ 3} In July 1997, the family informed respondent that his employment was terminated and demanded an accounting of his services and a return of the unused portion of the retainer. In October 1998, before he had received a complaint from the relator, respondent turned over the $7,000 to his former counsel. After deducting $1,200 for legal fees due respondent and $600 for his own legal fees to respondent, his former counsel transmitted $5,200 to the Lowery family in May 1999.

{¶ 4} In March 1999, the Office of Disciplinary Counsel of the Supreme Court requested that respondent reply to a grievance filed by Michael Studebaker.[1] Despite this notice and two subsequent requests, respondent did not file a written reply to the inquiry.

{¶ 5} On October 19, 1999, relator, the Columbus Bar Association, filed an amended complaint charging among other things that respondent's conduct violated DR 1-102(A)(6) (engaging in conduct that adversely reflects upon the lawyer's fitness to practice law), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek the lawful objectives of a client), 7-101(A)(2) (failing to carry out a contract of employment for professional services), 9-102(A)(2) (failing to deposit client funds in an account in which no funds of the lawyer are deposited except those that potentially belong to the lawyer), 9-102(B)(3) (failing to render appropriate accounts to the client), and 9-102(B)(4) (failing to promptly deliver client funds to the client upon request). It also charged that respondent violated Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation).

{¶ 6} Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline ("board").

---

1. The substance of Studebaker's grievance was not brought before the panel.

**{¶ 7}** The panel found the facts as stated and concluded that respondent had violated the Disciplinary Rules and the Rules for the Government of the Bar as charged. Taking into account letters of support regarding respondent's value to his church, community, and the legal profession, as well as reports from a psychiatrist and psychologist verifying that respondent had a history of depression, and noting that this court had previously disciplined respondent in *Columbus Bar Assn. v. Winkfield* (1996), 75 Ohio St.3d 527, 664 N.E.2d 902, the panel recommended that respondent be suspended indefinitely from the practice of law. It also recommended that respondent be required to pay the Lowery family $1,800 with interest at ten percent from February 1997, and pay them ten percent interest on $5,200 from February 1, 1997 to May 31, 1999. The board adopted the findings, conclusions, and recommendation of the panel.

**{¶ 8}** We have reviewed the record and adopt the findings and conclusions of the board. However, we believe that the facts in this case do not warrant an indefinite suspension. Seven months of the delay in returning the funds to the Lowerys can be attributed to the former attorney for respondent, who held the funds from October 1998 until May 1999 before paying them out. During those final seven months, respondent had assumed not only that his former counsel had paid out the funds but also that he had provided the Lowerys with an accounting. Prior to May 1999, his former counsel did neither.

**{¶ 9}** We hereby suspend respondent from the practice of law for two years with the final year of that suspension stayed provided that during the first year respondent pays or makes arrangement (1) to pay the Lowery family $1,800 with interest at ten percent from February 1997 to the date of repayment, and (2) to pay the Lowery family ten percent interest on $5,200 from February 1, 1997 to May 31, 1999.

*Judgment accordingly*.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

───────────────

**COOK, J., dissenting.**

{¶ 10} I would adopt the board's recommendation to indefinitely suspend respondent.

{¶ 11} To justify its departure from the board's recommendation, the majority notes that "[s]even months of the delay in returning the funds to the Lowerys can be attributed to the former attorney for respondent." I do not disagree with this finding, but it does not account for respondent's sole control of the funds for nearly *fourteen months* after receiving the Lowerys' termination notice and demand for accounting. Nor does it account for the panel's other troubling findings: that "the testimony of the Respondent was glib and not sincerely an expression of regret about his obvious mistreatment of the Lowery family," and that there is "[no] basis to believe that the Respondent would change his way of mistreating clients in the future."

{¶ 12} In *Columbus Bar Assn. v. Winkfield* (1996), 75 Ohio St.3d 527, 530, 664 N.E.2d 902, 905, I dissented from this court's decision to impose a lesser sanction against respondent than the board had recommended in that case and noted respondent's "unwillingness to acknowledge his wrongdoing." Given respondent's prior discipline and what the panel and board described as "deceitful" misconduct in the instant matters, I must again respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.

───────────────

*Terry K. Sherman, Susan C. Walker* and *Bruce A. Campbell,* for relator.

*Lane, Alton & Horst, L.L.C.,* and *Alvin E. Mathews, Jr.; Hofelich & Hofelich* and *James A. Hofelich,* for respondent.

January Term, 2001

_____