CLEVELAND BAR ASSOCIATION *v.* HELFGOTT.

[Cite as *Cleveland Bar Assn. v. Helfgott,*
109 Ohio St.3d 360, 2006-Ohio-2579.]

(No. 2006–0094—Submitted March 15, 2006—Decided June 7, 2006.)

---

**Per Curiam.**

{¶ 1} Respondent, Steven Isaac Helfgott of Cleveland Heights, Ohio, Attorney Registration No. 0022884, was admitted to the Ohio bar in 1978.

{¶ 2} On September 10, 2004, relator, Cleveland Bar Association, filed an amended complaint charging respondent with professional misconduct. Respondent was served with a copy of the complaint but did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

*Gausman Grievance*

{¶ 3} In May 2001, David Gausman hired respondent to file a foreclosure action in Stark County. Gausman paid respondent an $820 retainer for his services in August or September 2001. Respondent sent Gausman a letter in early September 2001 promising to file the foreclosure complaint the same week.

{¶ 4} Gausman tried several times to contact respondent after receiving that letter, but did not hear from him until respondent sent another letter in February 2002. In that second letter, respondent assured Gausman that the foreclosure complaint had been prepared and that a judgment could be expected within 60 days after the defendant had been served with a copy of the complaint.

{¶ 5} Gausman wrote respondent in May 2002 seeking an update on the status of the foreclosure case. Respondent never replied, never filed a complaint or any

other documents on Gausman's behalf, and never returned the retainer that Gausman had paid.

{¶ 6} The master commissioner and the board found that respondent had thereby violated the following Disciplinary Rules: DR 1–102(A)(4) (prohibiting conduct involving fraud, deceit, dishonesty, or misrepresentation), 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law), 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7–101(A)(1) (requiring an attorney to seek the lawful objectives of a client through reasonable means), and 7–101(A)(2) (prohibiting an attorney from intentionally failing to carry out a contract of professional employment).

*Shwallon Grievance*

{¶ 7} Stephanie Shwallon, a disabled individual with multiple sclerosis, hired respondent and paid a $500 retainer to him in September 2002 to represent her in a bankruptcy matter. Respondent told her that she needed to file her bankruptcy petition immediately, and he advised her that she could stop paying her creditors. In October 2002, Shwallon gave respondent all of the information he needed to file a bankruptcy petition on her behalf, and he assured her that he had put the information on a worksheet and would send it to her for her review.

{¶ 8} Although Shwallon tried repeatedly to contact respondent, he did not reply and never filed a bankruptcy petition on her behalf. Shwallon's creditors became more aggressive because she had stopped paying them on respondent's advice. She directed them to contact respondent, but he did not return their calls either.

{¶ 9} In January 2003, respondent sent Shwallon a copy of another client's bankruptcy petition. She called respondent to point out the error, and he promised to send her the correct papers. He never did.

{¶ 10} According to Shwallon, respondent's actions cost her the inheritance that she had received when her mother died.

{¶ 11} The master commissioner and the board found that respondent had thereby violated DR 1–102(A)(6), 2–110(A)(3) (requiring a lawyer to refund unearned fees upon withdrawal from professional employment), 6–101(A)(3), 7–101(A)(2), and 7–101(A)(3) (barring an attorney from intentionally prejudicing or damaging a client during the course of the professional relationship).

*Failure to Cooperate*

{¶ 12} Relator sent multiple letters to respondent by certified and regular mail in 2002 asking him to respond to the grievances filed by Gausman, Shwallon, and a third person who had hired respondent to represent her. Respondent did not reply to any of the letters. Relator also served a subpoena on respondent

directing him to appear at a deposition in October 2002 in connection with relator's investigation of the grievances, but respondent failed to appear.

{¶ 13} The master commissioner and the board found that respondent had thereby violated Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation).

## Sanction

{¶ 14} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board noted one mitigating factor: respondent's lack of any prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a). The board also found several aggravating factors: a selfish motive, a pattern of misconduct, a lack of cooperation in the disciplinary process, harm to a vulnerable victim, and the failure to make restitution. BCGD Proc.Reg. 10(B)(1)(b), (c), (e), (h), and (i). The board also noted that respondent had failed to comply with the biennial registration requirement for attorneys for the current and previous biennia. Gov.Bar R. VI(1)(A).

{¶ 15} Relator recommended that respondent be disbarred. The master commissioner and the board instead recommended that respondent be indefinitely suspended.

{¶ 16} We agree that respondent violated all of the Disciplinary Rules cited in the board's report, and we agree with relator's recommended sanction of disbarment. Respondent's neglect of his clients' interests and his inattentiveness to their inquiries, his dishonest assurances to his clients about his efforts on their behalf, his failure to return his clients' fees after neglecting their cases, and his repeated failure to provide any information to relator during the investigation of his misconduct warrant the most severe sanction that we can impose.

{¶ 17} We have imposed a sanction of disbarment in similar cases. See, e.g., *Columbus Bar Assn. v. Moushey,* 104 Ohio St.3d 427, 2004-Ohio-6897, 819 N.E.2d 1112, ¶ 16 (explaining that the presumptive sanction is disbarment for those attorneys who accept retainers and then fail to carry out contracts of employment); *Cincinnati Bar Assn. v. Weaver,* 102 Ohio St.3d 264, 2004-Ohio-2683, 809 N.E.2d 1113, ¶ 15 (an attorney's "persistent neglect of his clients' interests, failure to perform as promised, failures to account for his clients' money, and lack of any participation in the disciplinary proceedings" compelled his disbarment); *Greene Cty. Bar Assn. v. Fodal,* 100 Ohio St.3d 310, 2003-Ohio-5852, 798 N.E.2d 1082, ¶ 32 (ordering the disbarment of an attorney who "routinely took his clients' money and provided nothing in return").

{¶ 18} Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, O'CONNOR and O'DONNELL, JJ., concur.

RESNICK, LUNDBERG STRATTON and LANZINGER, JJ., dissent.

---

**LUNDBERG STRATTON, J., dissenting.**

{¶ 19} Respondent's misconduct consisted of only two cases of neglect and failure to return retainers, not the multiple or severe misconduct we usually require for disbarment. Considering that he practiced law for 28 years with no discipline for misconduct, respondent may have an explanation for this sudden aberrant behavior, but because respondent did not cooperate in the investigation, we will never know. Because of his long career without problems, I would indefinitely suspend respondent and give him an opportunity to make amends and restore his right to practice law upon meeting all conditions that we require for reinstatement. Therefore, I respectfully dissent as to the sanction.

RESNICK and LANZINGER, JJ., concur in the foregoing dissenting opinion.

---

Squire, Sanders & Dempsey, L.L.P., Rebecca W. Haverstick, and Sarah K. Rathke; Heather M. Zirke, for relator.