CLEVELAND BAR ASSOCIATION v. DOUGLAS.

[Cite as *Cleveland Bar Assn. v. Douglas,*
113 Ohio St.3d 221, 2007-Ohio-1536.]

(No. 2006–1902—Submitted November 29, 2006—Decided April 18, 2007.)

**Per Curiam.**

{¶ 1} In this case, we consider the appropriate sanction for an attorney who misled two clients, abandoned their claims without returning the fees paid to him, and failed to respond to their grievances and the subsequent disciplinary action and whose license had been suspended for failure to register. Upon consideration of the circumstances in this case, we accept the recommendation of the Board of Commissioners on Grievances and Discipline and impose an indefinite suspension.

{¶ 2} This court admitted respondent, Mark A. Douglas of Cleveland, Ohio, Attorney Registration No. 0073436, to the practice of law in Ohio in 2001, but suspended his license, on December 2, 2005, for his failure to register as an attorney. *In re Atty. Registration Suspension,* 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671.

{¶ 3} On February 13, 2006, relator, the Cleveland Bar Association, filed a complaint against respondent charging him with four counts of professional misconduct. He did not answer, and relator moved for default pursuant to

Gov.Bar R. V(6)(F). A master commissioner granted the motion for default, made findings of fact and conclusions of law with respect to the alleged misconduct, and agreed with relator's recommendation that the board permanently disbar respondent. The board adopted the master commissioner's findings of misconduct but recommended that respondent be indefinitely suspended, and the matter is now before this court for our review.

## Misconduct

### Count I—Sir Louis Bankruptcy

{¶ 4} In March 2004, Martha B. Sir Louis, then in her late seventies and having medical problems and significant debts, retained respondent to file a personal bankruptcy on her behalf. Though Sir Louis paid him $500 and gave him documentation of her debts, respondent never filed the bankruptcy petition and, despite her attempts to contact him, never refunded any of her money or returned her documents.

{¶ 5} The master commissioner concluded that by abandoning Sir Louis's claim, respondent had violated DR 6–101(A)(3), which prohibits a lawyer from neglecting an entrusted legal matter, 7–101(A)(2), which prohibits a lawyer from intentionally failing to carry out a contract of professional employment, 7–101(A)(3), which prohibits a lawyer from intentionally causing his client damage or prejudice, and 9–102(B)(4), which requires a lawyer to promptly deliver funds that a client is entitled to receive.

### Count II—Wilson Bankruptcy

{¶ 6} In February 2004, Sir Louis's daughter, Carolyn L. Wilson, retained respondent to file a personal bankruptcy on her behalf and paid him $584. Respondent never filed the bankruptcy petition and, despite Wilson's attempts to contact him, never refunded any of her money or returned any of her papers.

{¶ 7} The master commissioner determined that by abandoning Wilson's bankruptcy claim, respondent had violated DR 6–101(A)(3), 7–101(A)(2), 7–101(A)(3), and 9–102(B)(4).

### Count III—Misrepresentations to Sir Louis and Wilson

{¶ 8} Once hired, respondent asked Sir Louis and Wilson to meet him at his office to prepare for interviews before a bankruptcy trustee, creating the impression that he had filed both bankruptcy petitions in court. During the appointment, respondent told them that he had filed their cases and that their interviews with the bankruptcy trustee needed to be rescheduled for separate dates and times. Respondent then left the conference room, purportedly to call the bankruptcy trustee and cancel their scheduled interviews. When he returned,

respondent represented that he had spoken with the trustee and that their interviews would be rescheduled.

{¶ 9} Neither Sir Louis nor Wilson could contact respondent to learn the rescheduled date of their interviews, and they ultimately discovered that respondent no longer conducted business at the office where they had previously met. Respondent neither informed his clients of the change in address nor gave them a telephone number or other contact information.

{¶ 10} The master commissioner found that by lying to his clients about the status of their cases, respondent had violated DR 1–102(A)(4), which prohibits conduct involving fraud, deceit, dishonesty, or misrepresentation.

### Count IV—Failure to Cooperate in the Disciplinary Proceedings

{¶ 11} In October 2005, an investigator employed by relator personally served a letter of inquiry concerning the Sir Louis grievance upon respondent at the City Mission, a homeless shelter in Cleveland, Ohio, where respondent lived. Respondent told the investigator that he would contact relator. Relator received no response.

{¶ 12} On January 17, 2006, relator sent respondent notice of its intent to file a formal complaint, as well as a copy of the anticipated charges, by certified and regular mail addressed to him at the City Mission. Although relator received a receipt for the certified mail service, and the regular mail was not returned to relator, respondent failed to reply.

{¶ 13} In February 2006, relator served respondent with the complaint by certified mail. On April 17, 2006, after he had failed to answer or respond, relator sent to him, by certified and regular mail, notice of its intent to file a motion for default. Respondent again failed to reply, even though a certified mail receipt had been signed for on April 19 and the regular mail was not returned as unclaimed.

{¶ 14} On April 18, 2006, relator, through its investigator, also served notice of the motion for default upon respondent in person at the City Mission. The investigator spoke with respondent and watched as he opened the envelope and read the contents. Respondent signed a receipt for the notice.

{¶ 15} Despite repeated attempts to obtain a response from him, respondent never contacted relator or replied to the grievances, complaint, or motion for default. Accordingly, the master commissioner found respondent in violation of Gov.Bar R. V(4)(G), which requires a lawyer to cooperate in a disciplinary investigation.

### Recommended Sanction

{¶ 16} In recommending a sanction for respondent's misconduct in this case, the master commissioner considered aggravating and mitigating factors, pursuant to Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The master commissioner found several factors in aggravation, determining first that respondent had acted with a dishonest motive by lying to his clients. See BCGD Proc.Reg. 10(B)(1)(b). Second, because the misconduct involved two clients and multiple violations of the Disciplinary Rules, he found that respondent had engaged in a pattern of misconduct. See BCGD Proc.Reg. 10(B)(1)(c) and (d). Third, the master commissioner found that respondent's lack of cooperation in the disciplinary process and his refusal to acknowledge the wrongfulness of his conduct both were aggravating factors, pursuant to BCGD Proc.Reg. 10(B)(1)(e) and (g). Fourth, because respondent had not repaid any of the retainer accepted from his clients, the master commissioner found that respondent had harmed vulnerable victims and had failed to make restitution. See BCGD Proc.Reg. 10(B)(1)(h) and (i). Lastly, the master commissioner recognized that respondent's license to practice has been suspended for his failure to properly register as an attorney.

{¶ 17} Based on these aggravating factors and on this court's decision in *Cleveland Bar Assn. v. Helfgott*, 109 Ohio St.3d 360, 2006-Ohio-2579, 847 N.E.2d 1212, the master commissioner recommended permanent disbarment. Though it adopted the findings of the master commissioner, the board disagreed with the recommended sanction, stating, "Due to the scant evidence of harm to his clients and Respondent's destitute circumstances, the Board recommends that the Respondent, Mark A. Douglas, be suspended from the practice of law in the State of Ohio indefinitely."

### Review

{¶ 18} We agree that respondent violated DR 1–102(A)(4), 6–101(A)(3), 7–101(A)(2), 7–101(A)(3), and 9–102(B)(4), and that indefinite suspension is the appropriate sanction in this case. We acknowledge that in *Helfgott*, supra, we permanently disbarred a lawyer who, for unknown reasons, kept unearned fees, lied to two clients about whether he had filed their foreclosure action and bankruptcy petition, and flatly ignored the disciplinary process, including a subpoena for his appearance. This case, however, can be distinguished in that respondent had been living in a homeless shelter at the City Mission for several months at the time relator attempted to obtain his response to these grievances and the disciplinary process.

{¶ 19} Accordingly, respondent is indefinitely suspended from the practice of law in Ohio and ordered to pay restitution of $584 to Wilson and $500 to Sir Louis within 30 days. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

CUPP, J., not participating.

———————

Heather M. Zirke, Assistant Bar Counsel, and Tahani M. Kablan, for relator.