CUYAHOGA COUNTY BAR ASSOCIATION *v.* CHURCH.

[Cite as *Cuyahoga Cty. Bar Assn. v. Church,*
116 Ohio St.3d 563, 2008-Ohio-81.]

(No. 2007–1579—Submitted October 9, 2007—Decided January 17, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Joseph Jeffrey Church of Solon, Ohio, Attorney Registration No. 0006961, was admitted to the Ohio bar in 1979. On June 20, 2007, we indefinitely suspended respondent from the practice of law based on findings that he had abandoned two clients' cases and failed to cooperate in the ensuing disciplinary investigation. *Cleveland Bar Assn. v. Church,* 114 Ohio St.3d 41, 2007-Ohio-2744, 867 N.E.2d 834.

{¶ 2} On April 16, 2007, relator, Cuyahoga County Bar Association, filed a complaint charging respondent with several other violations of the Code of Professional Responsibility. Respondent failed to answer the complaint, and pursuant to Gov.Bar R. V(6)(f), relator moved for default. The Board of Commissioners on Grievances and Discipline appointed a master commissioner. The master commissioner granted relator's motion for default judgment, making findings of fact and conclusions of law and a recommendation, all of which the board adopted.

{¶ 3} The board recommends that we impose an indefinite suspension of respondent's license to practice law based on findings that he committed several

disciplinary violations. On review, we adopt the board's findings of misconduct and the recommended sanction.

## Misconduct

### Count One—The Copen Grievance

{¶ 4} In June 2005, DMS Group, Inc., sued Jerred and Tommy Copen in the Cuyahoga County Court of Common Pleas. Jerred Copen hired respondent to represent himself and Tommy. Respondent filed an answer and a counterclaim on behalf of the Copens. However, respondent eventually stopped communicating with the Copens, failing to inform them about court dates and to return phone calls. As a result, the Copens failed to appear for a pretrial.

{¶ 5} On June 1, 2006, DMS Group filed a motion for summary judgment. Respondent did not file a response, and summary judgment was obtained against the Copens in the amount of $19,079.31, plus interest and court costs. Also, Jerred Copen asked that respondent return his file, but respondent has not done so.

{¶ 6} The board found that respondent had violated DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7–101(A)(1) (prohibiting a lawyer from intentionally failing to seek the client's lawful objectives), 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out an employment contract), 7–101(A)(3) (prohibiting a lawyer from intentionally prejudicing or damaging a client during the professional relationship), and 9–102(B)(4) (requiring a lawyer to promptly deliver client's property in lawyer's possession).

### Count Two—Failure to Cooperate in Disciplinary Investigation

{¶ 7} After Jerred Copen filed a grievance against respondent, relator sent two letters—one by certified mail and one by regular mail—to respondent's address on file with the Office of Attorney Registration to notify him of the grievance and request a response. The certified letter was returned unclaimed, but the regular mail letter was not returned as undeliverable. Respondent did not respond as requested.

{¶ 8} Relator's investigator also sent three letters to respondent requesting his participation and cooperation in the investigation of the Copen grievance. Respondent did not reply to the letters. In November 2006 and January 2007, relator's investigator spoke to respondent, who promised his cooperation in the Copen grievance and promised to send his file to the investigator. Respondent, however, did not send the file and did not appear for an interview with the investigator.

{¶ 9} On April 18, 2007, relator served respondent with a copy of the formal complaint. However, respondent did not file an answer to the charges in the complaint.

{¶ 10} By ignoring relator's investigative inquiries, respondent violated Gov. Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation).

## Recommended Sanction

{¶ 11} In recommending a sanction, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 12} As aggravating factors, the board found that there had been a pattern of misconduct involving multiple offenses. BCGD Proc.Reg. 10(B)(1)(c) and (d). The board also found a lack of cooperation in the disciplinary process and that respondent refused to acknowledge the wrongful nature of his conduct. BCGD Proc.Reg. 10(B)(1)(e) and (g). Finally, the board considered the vulnerability of and resulting harm to the victims of respondent's misconduct. BCGD Proc.Reg. 10(B)(1)(h). No mitigating factors were found. See BCGD Proc.Reg. 10(B)(2).

{¶ 13} The relator and the master commissioner recommended that respondent be suspended from the practice of law indefinitely. The board adopted this recommendation and further recommended that respondent's suspension run consecutively to his current indefinite suspension.

## Review

{¶ 14} Respondent does not challenge the board's findings of misconduct or the recommended sanction. We have reviewed the board's record and its report, and we agree that respondent violated DR 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), 7–101(A)(3), and 9–102(B)(4) and Gov.Bar R. V(4)(G).

{¶ 15} We also accept the board's recommended sanction. In this matter, respondent neglected his clients' legal matter, ignored relator's investigative inquiries into the grievance, and failed to file an answer to the charges set forth in the complaint. We have already imposed an indefinite suspension upon respondent for virtually identical misconduct. See *Cleveland Bar Assn. v. Church*, 114 Ohio St.3d 41, 2007-Ohio-2744, 867 N.E.2d 834.

{¶ 16} Accordingly, respondent is hereby suspended from the practice of law indefinitely, and his suspension will run consecutively to his current indefinite suspension. Costs are taxed to respondent.

Judgment accordingly.

Moyer, C.J., and Pfeifer, Lundberg Stratton, O'Donnell, Lanzinger, and Cupp, JJ., concur.

O'Connor, J., dissents and would permanently disbar respondent.

Ellen S. Mandell and Gary S. Fishman, for relator.