CUYAHOGA COUNTY BAR ASSOCIATION *v.* POOLE.

[Cite as *Cuyahoga Cty. Bar Assn. v. Poole,*
120 Ohio St.3d 361, 2008-Ohio-6203.]

(No. 2008–0762—Submitted July 22, 2008—Decided December 4, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Marcus L. Poole of Cleveland, Ohio, Attorney Registration No. 0040030, was admitted to the practice of law in Ohio in 1978. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for two years and stay the last 18 months on conditions, based on findings that include his failure to provide promised legal services to two clients, failure to return unearned fees, and failure to cooperate in the investigation of this misconduct. We agree that respondent committed professional misconduct as found by the board; however, based on respondent's objections to the recommended sanction, we order a one-year suspension, all stayed on the conditions that respondent submit to monitored probation, consult the Ohio Lawyers Assistance Program, and commit no further misconduct.

{¶ 2} Relator, Cuyahoga County Bar Association, charged respondent in a three-count complaint with violations of the Code of Professional Responsibility and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation). A panel of the board heard the cause, including the parties' stipulations, made findings of misconduct, and recommended the two-year suspension and conditional 18–month stay. The board adopted the panel's findings and recommendation.

{¶ 3} Respondent objects to the board's report, arguing that a two-year, partially stayed suspension is too severe when compared to sanctions imposed in similar cases. Respondent also insists that the board had no basis for considering certain factors to be aggravating and weighing them against him. We sustain the objections to the extent that we adopt a lesser sanction, i.e., a one-year suspension from practice, all stayed on conditions.

## I. Misconduct

### A. Count I

{¶ 4} In August 2005, respondent agreed to file a motion seeking the judicial release of Delores Crawford's grandson and accepted $200 in payment. When he failed to do the promised work, Crawford discharged him and asked for a full refund. Respondent did not repay Crawford until after she filed a grievance with relator.

{¶ 5} Respondent stipulated and the board found that he had violated DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7–101(A)(1) (prohibiting a lawyer from intentionally failing to seek the lawful objections of a client), 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of professional employment), and 9–102(B)(4) (requiring a lawyer to promptly return property to which a client is entitled). We accept these findings of misconduct.

### B. Count II

{¶ 6} In late September 2005, respondent agreed to pursue a predatory-lending claim on behalf of Nicole Thompson. Thompson paid respondent $1,000, which he deposited into his client trust account. Thompson later discharged respondent for his lack of communication and asked for a refund. Respondent told her that he had already researched her claim, but promised to refund half of her money. He did not repay her until after she filed a grievance with relator, but he then returned the entire $1,000.

{¶ 7} Respondent stipulated and the board found that he had violated DR 1–102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on his fitness to practice law), 6–101(A)(3), and 9–102(B)(4). We accept these findings of misconduct.

### C. Count III

{¶ 8} Respondent stipulated and the board found that he repeatedly failed to respond to letters of inquiry and other notices sent during the investigation of the Crawford and Thompson grievances in violation of Gov.Bar R. V(4)(G). We accept these findings of misconduct.

## II. Sanction

{¶ 9} When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties violated and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regula-

tions Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

### A. Aggravation and Mitigation

{¶ 10} Respondent first focuses on the aggravating and mitigating factors, arguing initially that the board improperly considered as an aggravating factor the fact that in 2007, he missed the deadline for filing his attorney registration certificate and paying the applicable fee. Respondent did miss the September 1, 2007 deadline but filed within the 90-day grace period and paid his late registration fee, avoiding any further sanction. See Gov.Bar R. VI(1)(A) and (5)(A). The board noted this deficiency but did not factor it into the recommendation, and we also accord the delinquent filing little weight.

{¶ 11} Respondent next challenges the board's assignment of a dishonest or selfish motive to his misconduct, see BCGD Proc.Reg. 10(B)(1)(b), and objects to the board's finding that he violated DR 1–102(A)(4) (prohibiting a lawyer from engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation) and 9–102(A) (requiring a lawyer to maintain client funds other than advances for costs or expenses in a separate identifiable bank account).

{¶ 12} The parties stipulated before the panel hearing that respondent did not violate DR 1–102(A)(4) or 9–102(A) as charged in the complaint. The board nevertheless found this misconduct, but because those charges were dismissed by stipulation, treated them as aggravating factors. Respondent insists that relator did not prove dishonesty or commingling. We agree.

{¶ 13} The board concluded that respondent had lied about the research he performed in Thompson's case, apparently because when he ultimately produced his case file, it did not contain any notes or other indication of his work. We do not infer any deceitful intent from this absence of documentation. No one asked respondent why he had no record of his research, and absent some charge of dishonesty in this regard, he had no duty to explain. We therefore do not consider this lack of documentation to be evidence of any aggravating factor.

{¶ 14} As for the aggravating nature of respondent's alleged commingling, the board found that there was "clear and convincing evidence" that respondent had violated DR 9–102(A). But the board's report did not cite any evidence of commingling, and the report contained no facts to support such a charge. The report acknowledges that respondent deposited Thompson's $1,000 check in his IOLTA account, which is proper. The report also states that when Thompson

requested a refund, the $1,000 was no longer there. This, of course, was not proper, but it is not commingling.

{¶ 15} The only evidence cited in the board's report with respect to Thompson's fee that could support a charge of impropriety was respondent's failure to return any unearned portion of the fee to Thompson upon her request. But this is a violation of DR 9–102(B)(4), not DR 9–102(A). Thus, we do not consider commingling to be an aggravating factor in this case.

{¶ 16} The parties stipulated to the following aggravating factors: respondent committed misconduct in more than one case, delayed his participation in the disciplinary process, and neglected vulnerable clients. BCGD Proc.Reg. 10(B)(1)(d), (e), and (h). We accept as mitigating that respondent has practiced for many years, and until now, had no record of discipline. See BCGD Proc.Reg. 10(B)(2)(a). Respondent has expressed his remorse, made restitution to Crawford and Thompson, BCGD Proc.Reg. 10(B)(2)(c), provided character references, BCGD Proc.Reg. 10(B)(2)(e), and offered evidence of the significant health and personal problems he was experiencing during the events at issue.

### B. Sanctions in Similar Cases

{¶ 17} Finally, respondent contends that the board's sanction is excessive in comparison to sanctions ordered in similar cases. Relator responds that we have indefinitely suspended and disbarred lawyers from practice for intentionally failing to complete work on clients' cases, failing to return unearned fees, and then disregarding a disciplinary investigation. Respondent has committed this misconduct, but his transgressions do not warrant an actual six-month suspension or the threat of a two-year loss of his livelihood.

{¶ 18} Relator cites *Cuyahoga Cty. Bar Assn. v. Church,* 116 Ohio St.3d 563, 2008-Ohio-81, 880 N.E.2d 917 (indefinite suspension), *Disciplinary Counsel v. Zigan,* 118 Ohio St.3d 180, 2008-Ohio-1976, 887 N.E.2d 334 (disbarment), *Disciplinary Counsel v. Gosling,* 114 Ohio St.3d 474, 2007-Ohio-4267, 873 N.E.2d 282 (indefinite suspension), and *Cleveland Bar Assn. v. Douglas,* 113 Ohio St.3d 221, 2007-Ohio-1536, 863 N.E.2d 1044 (indefinite suspension). But those lawyers engaged in dishonesty (*Zigan* and *Douglas*), ignored the disciplinary process completely (*Church* and *Douglas*), or already had a history of discipline (*Douglas, Zigan,* and *Gosling*). Respondent's case involves none of these factors.

{¶ 19} *Dayton Bar Assn. v. Sebree,* 96 Ohio St.3d 50, 2002-Ohio-2987, 770 N.E.2d 1009, is more instructive. In that case, the lawyer neglected the cases of two clients, intentionally failed to seek their lawful objectives, and failed to carry out their contracts for professional services. We ordered a six-month suspension from practice, stayed on the condition that the lawyer complete a one-year monitored probation.

{¶ 20} In this case, although respondent failed at first to respond to inquiries about his clients' grievances, he and the lawyer in *Sebree* otherwise committed much of the same misconduct. Respondent's counsel suggested that mental health problems, thus far undiagnosed, might explain respondent's delinquent responses, and respondent acknowledged that possibility. In fact, counsel for the parties agreed that respondent would benefit from counseling or other therapy.

## C. Disposition

{¶ 21} We suspend respondent from the practice of law in Ohio for one year; however, the suspension is stayed on the following conditions: respondent must (1) consult the Ohio Lawyers Assistance Program and comply with any recommendations for treatment, (2) complete a one-year monitored probation, in which an attorney appointed by relator shall oversee his law practice, (3) comply with all of the other requirements of Gov.Bar R. V(9), and (4) commit no further misconduct. If respondent violates the conditions of the stay or probation, the stay will be lifted and respondent will serve the one-year suspension from practice. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

MOYER, C.J., and O'CONNOR and LANZINGER, JJ., dissent.

---

**MOYER, C.J., dissenting.**

{¶ 22} I respectfully dissent from the sanction imposed on respondent by the majority. Respondent was hired by two different clients to perform specified legal services, but failed to do so. He accepted money from those clients, but failed to return it upon demand until formal grievances were filed against him. Respondent also refused to cooperate in the investigation of his misconduct. The majority imposes a one-year suspension with the entire suspension stayed on conditions.

{¶ 23} Based on respondent's misconduct and sanctions imposed in similar cases, a harsher punishment is warranted. See *Cuyahoga Cty. Bar Assn. v. Church*, 116 Ohio St.3d 563, 2008-Ohio-81, 880 N.E.2d 917 (indefinite suspension); *Columbus Bar Assn. v. Winkfield* (2001), 91 Ohio St.3d 364, 745 N.E.2d 411 (two-year suspension with final year stayed). I would adopt the recommendation of the Board of Commissioners on Grievances and Discipline and order a two-year suspension with 18 months stayed on the conditions recommended by the board.

O'CONNOR and LANZINGER, JJ., concur in the foregoing opinion.

Stanley E. Stein, Laurence A. Turbow, and Ellen S. Mandell, for relator.

Reginald Maxton and E. Yvonne Harris, for respondent.