CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. GOTTEHRER.

[Cite as *Cleveland Metro. Bar Assn. v. Gottehrer*,

124 Ohio St.3d 519, 2010-Ohio-929.]

*Attorney misconduct, including neglecting entrusted legal matters, charging a clearly excessive fee, failing to promptly deliver funds or other property to a client, and failing to cooperate in the disciplinary investigation — Indefinite suspension.*

(No. 2009-1918 — Submitted December 16, 2009 — Decided March 17, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-086.

_____

**Per Curiam**.

{¶ 1}  Respondent, Blaine L. Gottehrer of Cleveland, Ohio, Attorney Registration No. 0027147, was admitted to the practice of law in Ohio in November 1980.  In December 2008, relator, Cleveland Metropolitan Bar Association, filed a complaint charging respondent with violations of the Ohio Rules of Professional Conduct and the Supreme Court Rules for the Government of the Bar.  Although the complaint was served upon respondent by certified mail at his office address on December 10, 2008, he failed to file an answer.  Therefore, in June 2009, relator moved for default pursuant to Gov.Bar R. V(6)(F).

{¶ 2}  The board referred the motion to a master commissioner, who prepared a report for the board's review.  The board adopted the master commissioner's findings, including that the materials offered in support of the motion for default were sufficient, and his conclusions that respondent had violated Gov.Bar R. V(4)(G) and five of the Rules of Professional Conduct.

{¶ 3}   In accordance with the master commissioner's report, the board recommends that this court indefinitely suspend respondent's license to practice law based upon its findings that respondent failed to act with reasonable diligence and promptness in representing two clients; failed to comply as soon as practicable with reasonable requests for information from a client; failed to keep a client reasonably informed about the status of a legal matter; entered agreements for, charged, or collected an illegal or clearly excessive fees; failed to promptly deliver funds or other property to a client; and failed to cooperate in the investigation of three disciplinary matters.  We agree that respondent committed professional misconduct as found by the board and that his conduct warrants an indefinite suspension.

**Misconduct**

{¶ 4}   In support of its motion for default judgment, relator submitted the affidavits of grievants Linda Wurst and John Kaminski and of investigator Heather Zirke, as well as a copy of the grievance filed by Sharon M. Fleming, and a number of documents detailing relator's efforts to correspond with respondent and Fleming.

*The Wurst Grievance*

{¶ 5}   The affidavit of Linda Wurst demonstrates that in March 2007, Wurst paid respondent a retainer of $1,500 to assist her in obtaining custody of her granddaughter, who was then living in Germany.  Respondent totally neglected his client's case:  he did not perform the requested service, did not respond to his client's phone calls or e-mails, and did not appear at the May 17, 2007 custody hearing or respond to his client's repeated requests for a refund of her retainer.  As of May 16, 2009, the date of Wurst's affidavit, respondent had not returned the retainer.  Although Wurst finally did obtain custody of her granddaughter, respondent's actions caused her financial and emotional hardship.

2

**{¶ 6}** With respect to the Wurst matter, the board determined that respondent violated Prof.Cond.R. 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client), 1.4(a)(4) (a lawyer shall comply as soon as practicable with reasonable requests for information from the client), 1.5 (a lawyer shall not make an agreement for, charge, or collect an illegal or clearly excessive fee), and 1.15(d) (a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive).

*The Kaminski Grievance*

**{¶ 7}** The affidavit of John Kaminski demonstrates that on February 12, 2007, Kaminski paid respondent a $2,000 retainer to appeal a ruling regarding his child-support obligations. Although respondent filed a timely notice of appeal, he failed to cause the trial court record, including the transcript, to be filed with the court of appeals. As a result, the appellate court dismissed the appeal sua sponte. Respondent failed to notify Kaminski of the dismissal and ignored his request for a refund of the retainer.

**{¶ 8}** With respect to the Kaminski grievance, the board determined that respondent violated Prof.Cond.R. 1.3, 1.4(a)(3) (a lawyer shall keep his clients reasonably informed about the status of their matters), and 1.5.

*The Fleming Grievance*

**{¶ 9}** In December 2007, relator received a grievance from Sharon Fleming against respondent arising from his representation in a child-support-enforcement matter. The board noted that Fleming did not cooperate with relator by signing an affidavit in support of her allegations and concluded that the allegations contained in her unsworn grievance were insufficient to support the alleged misconduct. See Gov.Bar R. V(6)(F)(1)(b) (a motion for default shall contain sworn or certified documentary prima facie evidence in support of the allegations made).

*Failure to Cooperate*

{¶ 10} In December 2007, relator sent respondent a certified letter requesting his written response to Fleming's grievance, but never received the return receipt to document its delivery and never received a response from respondent. Nor did relator receive a response to a second letter sent via regular mail.

{¶ 11} Then, in April 2008, relator sent two letters to respondent at his business address requesting a written response regarding Wurst's grievance—a certified letter, which was signed for on April 7, 2008, and a letter sent by regular mail on April 22, 2008. Respondent never provided a written response to Wurst's complaint.

{¶ 12} Similarly, in June 2008, relator sent respondent a letter via certified mail requesting a written response to Kaminski's grievance. When the receipt for that letter was returned unsigned, relator sent a second letter via regular mail that was not returned. Once again, respondent failed to respond to the grievance.

{¶ 13} In each of these three grievances, the board found that respondent had violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing) and Prof.Cond.R. 8.1(b) (no attorney shall fail to disclose a material fact or knowingly fail to respond to a demand for information from a disciplinary authority).

**Sanction**

{¶ 14} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and

Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 15} The board determined that the following aggravating factors were involved here: dishonest or selfish motive, a pattern of misconduct, multiple offenses, lack of cooperation in the disciplinary process, resulting harm to the victims of the misconduct, and failure to make restitution. See BCGD Proc.Reg. 10(B)(1)(b), (c), (d), (e), (h), and (i). In mitigation, the board found that respondent has no prior disciplinary record. See BCGD Proc.Reg. 10(B)(2)(a). Having weighed these factors, the board recommends that we indefinitely suspend respondent from the practice of law.

{¶ 16} We have recognized that " '[a] lawyer's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio.' " *Cleveland Metro. Bar Assn. v. Kaplan*, 124 Ohio St.3d 278, 2010-Ohio-167, 921 N.E.2d 645, ¶ 15, quoting *Akron Bar Assn. v. Goodlet*, 115 Ohio St.3d 7, 2007-Ohio-4271, 873 N.E.2d 815, ¶ 20; see also *Disciplinary Counsel v. Gosling*, 114 Ohio St.3d 474, 2007-Ohio-4267, 873 N.E.2d 282, ¶ 12; *Cuyahoga Cty. Bar Assn. v. Wagner*, 113 Ohio St.3d 158, 2007-Ohio-1253, 863 N.E.2d 164, ¶ 13-14.

{¶ 17} Here, the record demonstrates by clear and convincing evidence that respondent neglected client matters, failed to promptly comply with reasonable client requests for information, made agreements for, charged, or collected illegal or clearly excessive fees, failed to timely deliver funds or other property to a client, and failed to cooperate in a disciplinary proceeding, thereby violating Gov.Bar R. V(4)(G) and Prof.Cond.R. 1.3, 1.4(a)(3) and (4), 1.5, 1.15(d), and 8.1(b).

{¶ 18} Having weighed the aggravating and mitigating factors and having considered the sanctions imposed for comparable conduct, we adopt the board's recommended sanction of an indefinite suspension. Accordingly, Blaine L.

Gottehrer is hereby indefinitely suspended from the practice of law in the state of Ohio.  Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

McCarthy, Lebit, Crystal & Liffman Co., L.P.A., Daniel M. Singerman, and Richard A. Rabb, for relator.

_____