CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. GOTTEHRER.

[Cite as *Cleveland Metro. Bar Assn. v. Gottehrer*, ___ Ohio St.3d ___,

2023-Ohio-433.]

(No. 2009-1918—Submitted February 7, 2023—Decided February 15, 2023.)

ON PETITION FOR REINSTATEMENT.

————————————————

{¶ 1} This cause came on for further consideration upon the filing on August 1, 2022, of a petition for reinstatement by respondent, Blaine L. Gottehrer, Attorney Registration No. 0027147. In accordance with Gov.Bar R. V(25)(E), respondent's petition for reinstatement was referred to the Board of Professional Conduct. The board filed its final report in this court on December 9, 2022, recommending that respondent's petition for reinstatement be granted subject to conditions. No objections to said final report were filed, and this cause was considered by the court.

{¶ 2} Upon consideration thereof, it is ordered by this court that the petition for reinstatement of respondent is conditionally granted. Respondent, Blaine L. Gottehrer, last known address in Mayfield Heights, Ohio will be reinstated to the practice of law in Ohio upon respondent providing proof that he has taken and passed the Multi-State Professional Responsibility Exam (MPRE) and this court orders respondent reinstated. It is further ordered that respondent's reinstatement is subject to the following conditions: (1) prior to or within the first 30 days following his reinstatement, respondent shall provide proof to relator that he has completed the free, one-hour continuing legal education IOLTA webinar available through the Office of Disciplinary Counsel's website at *odc.ohio.gov/cle*; (2) prior to or within the first 30 days following his reinstatement, respondent shall contact the Ohio Lawyers Assistance Program ("OLAP"), submit to an evaluation if

recommended by OLAP, and comply with any recommendations provided by OLAP; (3) respondent shall retake the oath of office; and (4) respondent shall cooperate, for a period of not less than one year following his reinstatement, with one or more monitors, approved by relator, who are experienced in the practice of domestic relations, bankruptcy and/or real estate law, and whose assignment shall be to monitor the progress of respondent's legal work, client relations, and compliance with the Rules of Professional Conduct.

{¶ 3} It is further ordered by the court that respondent be taxed the costs of these proceedings in the amount of $529.80, less the deposit of $500, for a total balance due of $29.80 payable, by cashier's check or money order, by respondent on or before 90 days from the date of this order. If costs are not paid on or before 90 days from the date of this order, interest at the rate of ten percent per annum will accrue until costs are paid in full. It is further ordered that if costs are not paid in full on or before 90 days from the date of this order, the matter may be referred to the attorney general for collection and respondent may be found in contempt and suspended until all costs and accrued interest are paid in full. It is further ordered that respondent is liable for all collections costs pursuant to R.C. 131.02 if the debt is certified to the attorney general for collection.

{¶ 4} It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(E)(1) and that publication be made as provided for in Gov.Bar R. V(17)(E)(2).

{¶ 5} For earlier case, see *Cleveland Metro. Bar Assn. v. Gottehrer*, 124 Ohio St.3d 519, 2010-Ohio-929, 924 N.E.2d 825.

KENNEDY, C.J., and FISCHER, DeWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

2