Christopher R. Claflin, pro se.

DISCIPLINARY COUNSEL *v.* TYACK.

**[Cite as *Disciplinary Counsel v. Tyack,*
107 Ohio St.3d 35, 2005-Ohio-5833.]**

(No. 2005–0816—Submitted June 28, 2005—Decided November 16, 2005.)

**Per Curiam.**

{¶ 1} Respondent, Deborah Ann Tyack of Westerville, Ohio, Attorney Registration No. 0012362, was admitted to the Ohio bar in 1982. She is not currently registered to practice law in Ohio.

{¶ 2} On June 7, 2004, relator, Disciplinary Counsel, filed a complaint charging respondent with eight counts of professional misconduct. When service of the complaint on respondent by certified mail could not be completed, the complaint was served on the Clerk of the Supreme Court as respondent's agent pursuant to Gov.Bar R. V(11)(B). Respondent did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of misconduct and a recommendation, all of which the board adopted.

Misconduct

*Count One*

{¶ 3} In June 2002, Nancy E. Bradfield hired respondent to assist her in a child-custody matter. Bradfield entered into a fee agreement with respondent,

agreed to pay her $225 per hour for the representation, and gave respondent a $2,500 retainer. Bradfield paid respondent an additional $5,000 in November 2002, including $2,500 to cover the cost of a video deposition of her former husband.

{¶ 4} For several months in 2002 and 2003, respondent did not reply when Bradfield tried to speak with her by telephone or through e-mail. As a result of respondent's failure to communicate, Bradfield terminated the representation in March 2003 and asked respondent to return her case file and provide an accounting of the services performed for the fees that Bradfield had paid. Respondent returned Bradfield's case file but has never provided an itemized accounting of the fees and services. Respondent also failed to return $2,500 to Bradfield after deciding not to take the video deposition of Bradfield's former husband.

{¶ 5} The board found that respondent had violated DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter) and 9–102(B)(4) (requiring prompt payment of the client's funds or other property in the lawyer's possession).

### Count Two

{¶ 6} In January 2003, Jeanette M. Rafferty sought respondent's legal advice about a custody matter involving Rafferty's children. From the start of the representation, respondent repeatedly failed to respond when Rafferty tried to speak with her by telephone or through e-mail.

{¶ 7} Rafferty scheduled an appointment with respondent for March 15, 2003, to discuss her case and to sign any necessary documents. When Rafferty appeared at respondent's office for the appointment, respondent was not there, and Rafferty found a note attached to the office door indicating that respondent had violated her lease by failing to pay rent and that therefore the locks on the door had been changed.

{¶ 8} Rafferty received an e-mail message from respondent later that day apologizing for the missed appointment. She rescheduled the meeting and promised to complete and file the required custody paperwork. During a four-week period in March and April 2003, Rafferty called or e-mailed respondent 12 times about the status of the paperwork. Respondent never replied, prompting Rafferty to terminate the representation.

{¶ 9} Although respondent told Rafferty's new counsel that she had provided services to Rafferty worth approximately $800, respondent kept $2,500 of the $5,000 retainer that Rafferty had paid her. In addition, respondent never filed the custody documents for Rafferty as she had promised.

{¶ 10} The board found that respondent had violated DR 6–101(A)(3) and 9–102(B)(4).

## Count Three

{¶ 11} In September 2002, Sheila Easton–Jasinsky hired respondent to assist her in a domestic-relations matter. Easton–Jasinsky gave respondent a $2,500 retainer. Easton–Jasinsky gave respondent financial information and the name of her employer's benefits representative so that respondent could seek and secure child support for Easton–Jasinsky. She learned in December 2002 that respondent had never contacted her employer as promised. Respondent also failed to attend a pretrial conference. When Eassston–Jasinsky tried repeatedly to contact respondent by telephone to inquire about her child support, respondent did not reply.

{¶ 12} Easton–Jasinsky terminated the representation in February 2003. She asked respondent to return her case file, a book that she had loaned respondent, and the remainder of her retainer and to provide an itemized accounting of her services. Respondent never replied and never returned the items.

{¶ 13} The board found that respondent had violated DR 6–101(A)(3) and 9–102(B)(4).

## Count Four

{¶ 14} In 2001, Cynthia M. Tye retained respondent to assist her in a personal-injury matter. Although respondent communicated frequently with Tye from September 2001 until December 2002, respondent did not reply to telephone calls or e-mail messages thereafter. After trying unsuccessfully to contact respondent, Tye visited respondent's office, where she saw piles of mail on the floor and a note on the locked door indicating that respondent had been evicted. Tye continued calling respondent and leaving messages for her, but respondent did not return the calls or pursue Tye's legal interests.

{¶ 15} The board found that respondent had violated DR 6–101(A)(3).

## Count Five

{¶ 16} In October 2003, respondent was appointed guardian ad litem in a custody matter in Delaware County. She received a $500 retainer but did no work. Another attorney involved in the case tried unsuccessfully to contact respondent on several occasions and also asked respondent to refund the retainer because she had provided no services. Respondent never replied and did not refund the money.

{¶ 17} The board found that respondent had violated DR 6–101(A)(3) and 9–102(B)(4).

38

*Count Six*

{¶ 18} In January 2001, Nicole A. Owens retained respondent to represent her in a personal-injury matter. In November 2002, respondent filed a civil suit on Owens's behalf in Franklin County.

{¶ 19} Respondent telephoned Owens twice in January 2003. The first time, respondent told Owens that the defendant had offered to settle the case for $8,000. The second time, respondent asked Owens to come to her office the following month to sign some documents. Owens never heard from respondent again, despite leaving several messages at her office.

{¶ 20} Respondent never answered the defendant's discovery requests and did not reply when the defendant's attorney tried to contact her by telephone and letter. The trial court granted a motion to compel Owens to respond to the discovery requests in April 2003. Even so, respondent still did not answer the requests. Defense counsel then filed a motion to dismiss the case in May 2003 for failure to prosecute. The respondent did not reply to the defendant's motion on Owens's behalf.

{¶ 21} On June 16, 2003, the trial court issued a notice of dismissal indicating that Owens's case would be dismissed within ten days, absent a showing of good cause as to why the case should not be dismissed. On July 7, 2003, respondent filed a notice voluntarily dismissing Owens's case. Owens had no knowledge about the dismissal and did not approve it. When she asked respondent to return her case file, respondent did not reply.

{¶ 22} The board found that respondent had violated DR 1–102(A)(5) (barring conduct prejudicial to the administration of justice), 6–101(A)(3), and 9–102(B)(4).

*Count Seven*

{¶ 23} Respondent deposited the retainers that she received from Bradfield, Easton–Jasinsky, and Rafferty in 2002 and 2003 into a bank account that was not an identified IOLTA account. The board concluded that she had used the account for client funds as well as her own personal funds from December 2001 until the account was closed by the bank in August 2003.

{¶ 24} In July 2003, respondent wrote a $28 check from this account to cover the filing fees for a client's case. The check was returned for insufficient funds. The clerk's office sent two collection letters to respondent seeking payment for the filing fees, but respondent did not reply.

{¶ 25} The board found that respondent had violated DR 1–102(A)(5) and 9–102(A) (requiring lawyers to maintain client funds in a separate, identifiable bank account).

## Count Eight

{¶ 26} Relator sent respondent multiple letters and tried to speak with respondent by telephone during the investigation of the grievances filed by respondent's former clients. Respondent did not reply and never filed an answer to relator's complaint or to the motion for default.

{¶ 27} The board found that respondent had violated Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation).

## Sanction

{¶ 28} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As aggravating factors, the board found that respondent had engaged in a pattern of misconduct, committed multiple offenses, failed to cooperate in the disciplinary process, and harmed vulnerable victims. BCGD Proc.Reg. 10(B)(1)(c), (d), (e), and (h). The one mitigating factor cited by the board was respondent's lack of any prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a).

{¶ 29} Relator recommended that respondent's license to practice law be indefinitely suspended for her misconduct. The master commissioner and the board accepted this recommendation.

{¶ 30} We agree that respondent violated all of the provisions recited above, and we also agree that an indefinite suspension is appropriate. As we have consistently held, neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law. *Disciplinary Counsel v. Treneff,* 104 Ohio St.3d 336, 2004-Ohio-6562, 819 N.E.2d 695, ¶ 16. And the act of accepting retainers or legal fees and failing to carry out contracts of employment is tantamount to theft of the fee from the client. *Columbus Bar Assn. v. Moushey,* 104 Ohio St.3d 427, 2004-Ohio-6897, 819 N.E.2d 1112, ¶ 16. Respondent's misconduct reflects poorly on the legal profession and caused harm to the clients whose legal matters she neglected.

{¶ 31} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.