COLUMBUS BAR ASSOCIATION *v.* CLOVIS.

[Cite as *Columbus Bar Assn. v. Clovis*, 125 Ohio St.3d 434, 2010-Ohio-1859.]

*Attorneys — Misconduct — Lack of diligence in representing client — Charging*
*excessive fee — Conduct adversely reflecting on fitness to practice law —*
*Failure to cooperate with investigation — Indefinite suspension.*

(No. 2009-2260 — Submitted February 17, 2010 — Decided May 5, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 09-045.

_____

**Per Curiam**.

{¶ 1} Respondent, Charles Brandt Clovis of Columbus, Ohio, Attorney Registration No. 0071950, was admitted to the practice of law in Ohio in May 2000. In June 2009, relator, Columbus Bar Association, filed a complaint charging respondent with violations of the Ohio Rules of Professional Conduct and the Supreme Court Rules for the Government of the Bar. Although the complaint was served by certified mail at respondent's office address on June 16, 2009, he failed to file an answer. Therefore, in November 2009, relator moved for default pursuant to Gov.Bar R. V(6)(F).

{¶ 2} The board referred the matter to a master commissioner, who prepared a report for the board's review. The board adopted the master commissioner's findings of fact and his conclusion that respondent had violated Gov.Bar R. V(4)(G) and four of the Rules of Professional Conduct by accepting a $4,000 retainer and failing to perform any work on the client's behalf and by failing to respond to the resulting disciplinary investigation. Additionally, the board accepted the master commissioner's finding that an alleged violation of Prof.Cond.R. 8.4(c) should be dismissed for insufficient evidence. We agree that

respondent committed professional misconduct as found by the board and that his conduct warrants an indefinite suspension.

**Misconduct**

{¶ 3} In support of its motion for default judgment, relator submitted the affidavits and supporting documentation of the complainant, Assistant Bar Counsel A. Alysha Clous, and investigator Adam R. Rinehart.

{¶ 4} The complainant avers that in April 2007, she met with respondent to secure legal representation for her husband, who wished to file a clemency petition before the Ohio Parole Board. She executed the flat-rate fee agreement prepared by respondent and gave him a cashier's check for $4,000. Respondent met with the complainant's husband twice during the summer of 2007 and stated that he would file the clemency petition by the end of October 2007. The complainant had difficulty reaching respondent to receive updates on her husband's case, and on the occasions that she did speak with respondent, she received nothing but excuses.

{¶ 5} Respondent did not file any documents with the parole board on his client's behalf. In August 2008, the complainant informed respondent by letter that if he did not refund her money and return her paperwork by August 15, 2008, she would file a grievance with relator. Having received no communication from respondent, she filed a grievance with relator on September 9, 2008. More than two years after she first sought respondent's assistance, the complainant, serving as her husband's attorney-in-fact, prepared and filed the clemency petition. As of October 20, 2009, respondent had neither returned the documents nor refunded the money.

{¶ 6} The board determined, and we agree, that clear and convincing evidence demonstrates that respondent violated Prof.Cond.R. 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client), 1.5(a) (a lawyer shall not make an agreement for, charge, or collect an illegal or clearly

excessive fee), and 8.4(h) (no lawyer shall engage in any other conduct that adversely reflects on the lawyer's fitness to practice law). The board determined, and we agree, however, that the record does not contain sufficient evidence to support a finding that respondent violated Prof.Cond.R. 8.4(c) (forbidding conduct involving dishonesty, fraud, deceit, or misrepresentation). See Gov.Bar R. V(6)(F)(1)(b) (requiring "[s]worn or certified documentary prima facie evidence" in support of a motion for default); *Dayton Bar Assn. v. Sebree*, 104 Ohio St.3d 448, 2004-Ohio-6560, 820 N.E.2d 318. Therefore, we dismiss the allegation that respondent violated Prof.Cond.R. 8.4(c).

*Failure to Cooperate*

{¶ 7} In September 2008, relator sent respondent two separate letters requesting his written response to the grievance, but respondent never acknowledged the letter or provided a written response. Relator also attempted to contact respondent by telephone to discuss the grievance. When respondent did not answer, a member of relator's grievance committee left voicemail messages, but respondent did not return the calls. The committee member followed up with a letter to respondent, requesting a response to the letters and telephone calls, but he never heard from respondent.

{¶ 8} In May 2009, relator sent a notice of intent to file a formal complaint against respondent pursuant to Gov.Bar R. V(4)(I)(2). Again, respondent failed to acknowledge relator's correspondence. Finally, on June 15, 2009, relator filed its complaint against respondent. Although the complaint was served by certified mail on June 16, 2009, and signed for by Krista O'Neill, respondent did not file an answer.

{¶ 9} Therefore, the board found, and we agree, that respondent violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing) and Prof.Cond.R. 8.1(b) (no attorney shall fail to

disclose a material fact or knowingly fail to respond to a demand for information from a disciplinary authority).

**Sanction**

{¶ 10} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 11} The record demonstrates by clear and convincing evidence that respondent failed to act with reasonable diligence and promptness in representing a client, charged an excessive fee, engaged in conduct adversely reflecting on his fitness to practice law, failed to respond to a demand for information from a disciplinary authority, and failed to cooperate in the investigation of this disciplinary matter.

{¶ 12} In aggravation, the board found that (1) this court had suspended respondent's license to practice law on November 3, 2009, for failure to register, *In re Attorney Registration Suspension*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256, (2) respondent failed to cooperate in the disciplinary process, (3) respondent has not acknowledged the wrongful nature of his misconduct, and (4) respondent has not attempted to make restitution for the unearned fees charged in this matter. See BCGD Proc.Reg. 10(B)(1)(a), (e), (g), and (i). The record contains no evidence of any mitigating factors. Having weighed these factors, the board recommends that we indefinitely suspend respondent from the practice of law.

**{¶ 13}** We have recognized that " '[a] lawyer's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio.' " *Cleveland Metro. Bar Assn. v. Kaplan*, 124 Ohio St.3d 278, 2010-Ohio-167, 921 N.E.2d 645, ¶ 15, quoting *Akron Bar Assn. v. Goodlet*, 115 Ohio St.3d 7, 2007-Ohio-4271, 873 N.E.2d 815, ¶ 20; see also *Disciplinary Counsel v. Gosling*, 114 Ohio St.3d 474, 2007-Ohio-4267, 873 N.E.2d 282, ¶ 12; *Cuyahoga Cty. Bar Assn. v. Wagner*, 113 Ohio St.3d 158, 2007-Ohio-1253, 863 N.E.2d 164, ¶ 13-14. We have also recognized that "[t]aking retainers and failing to carry out contracts of employment is tantamount to theft of the fee from the client." *Cincinnati Bar Assn. v. Weaver*, 102 Ohio St.3d 264, 2004-Ohio-2683, 809 N.E.2d 1113, ¶ 16. And we have imposed an indefinite suspension for such conduct. See, e.g., *Dayton Bar Assn. v. Fox*, 108 Ohio St.3d 444, 2006-Ohio-1328, 844 N.E.2d 346; *Disciplinary Counsel v. Tyack*, 107 Ohio St.3d 35, 2005-Ohio-5833, 836 N.E.2d 568.

**{¶ 14}** Having weighed respondent's conduct and the aggravating and mitigating factors and having considered the sanctions imposed for comparable conduct, we adopt the board's recommended sanction of an indefinite suspension. Accordingly, Charles Brandt Clovis is indefinitely suspended from the practice of law in the state of Ohio. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

_____