COLUMBUS BAR ASSOCIATION *v.* VAN SICKLE.

[Cite as *Columbus Bar Assn. v. Van Sickle,*

128 Ohio St.3d 376, 2011-Ohio-774.]

*Attorneys — Misconduct — Practicing law while license under suspension —*
*Neglecting entrusted legal matters — Indefinite suspension.*

(No. 2010-1863 — Submitted January 4, 2011 — Decided February 24, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 10-084.

_____

**Per Curiam**.

{¶ 1}   Respondent, John Allan Van Sickle of Columbus, Ohio, Attorney Registration No. 0013780, was admitted to the practice of law in Ohio in 1983.  In October 2009, relator, Columbus Bar Association, filed a five-count complaint charging respondent with multiple violations of the Code of Professional Responsibility and Rules of Professional Conduct arising from his practicing law while his license was under suspension for failure to register for the 2007 through 2009 biennium, his neglect of several client matters, and his failure to respond to the resulting disciplinary investigations.

{¶ 2}   After reviewing the parties' stipulations of fact and misconduct, a panel of the Board of Commissioners on Grievances and Discipline granted the parties' joint motion to dismiss a number of alleged violations, dismissed sua sponte several stipulated violations that were not charged in the complaint, and recommended that respondent be suspended for two years with one year stayed on conditions.  The board accepted the panel's findings and its recommended sanction, and no objections have been filed.

**{¶ 3}** We find that respondent has committed misconduct. Given the nature of respondent's misconduct and the limited evidence regarding his treatment for depression, however, we conclude that a greater sanction is warranted. Accordingly, we indefinitely suspend respondent from the practice of law and condition any future reinstatement on the submission of proof that respondent has participated in the Ohio Lawyers Assistance Program ("OLAP"), has obtained treatment for his depression and other diagnosed psychological conditions, has fulfilled all follow-up care and reporting requirements imposed by OLAP and his treating professionals, has made restitution to the clients discussed in count three, and has paid the costs of this proceeding. Upon petitioning for reinstatement, respondent shall also submit testimony from a qualified mental-health professional to demonstrate that he is capable of returning to the competent, ethical, and professional practice of law.

## Misconduct

**{¶ 4}** The stipulated evidence demonstrates that from December 3, 2007, through October 28, 2008, respondent's license was suspended for his failure to register for the 2007 through 2009 biennium. See *In re Attorney Registration Suspension of Van Sickle*, 116 Ohio St.3d 1420, 2007-Ohio-6463, 877 N.E.2d 305. But during that suspension, respondent sent a letter to his wife's former landlord identifying himself as a "Counselor and Attorney at Law" and stating that he was representing his wife in a security-deposit dispute. The parties stipulated, and we agree, that this conduct, which forms the basis of count one of the complaint, violates Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction).

**{¶ 5}** With respect to count two, the parties stipulated that in August 2006, a client retained respondent to prepare a will. However, respondent failed to draft the will and failed to respond to the client's telephone inquiries regarding

2

the status of the matter or to another attorney's requests that he return the client's documents. We find that this conduct violates DR 7-101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of employment for legal services) and DR 9-102(B)(4) and Prof.Cond.R. 1.15(d) (both requiring a lawyer to promptly pay or deliver funds and property to which a client is entitled), as well as Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) and 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter).

**{¶ 6}** Count three arises from respondent's conduct during his representation of a husband and wife in a bankruptcy proceeding. Although the bankruptcy court had ordered him to prepare and file certain documents, he failed to do so. Respondent did not access his files or his mail for three months after the locks to his office were changed, and he made no effort to have the post office forward his mail to another location. Consequently, respondent failed to receive notice from the bankruptcy court of a scheduled hearing and a subsequent show-cause order and failed to appear. Although he was found in contempt of court, sanctioned, and ordered to return the fees he had received in the case, he failed to certify to the bankruptcy court that he had complied with its order. Based upon these facts, the parties stipulated, and we agree, that with respect to count three, respondent violated DR 1-102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), 2-110(A)[1] (prohibiting withdrawal from employment without taking steps to protect the client's interests), 6-101(A)(3)

---

1. Although the parties stipulate that respondent violated DR 2-110(A), "withdrawing from a matter without authorization and to the prejudice of the client," they have not submitted any factual stipulation that the bankruptcy court's rules require an attorney to obtain the court's permission prior to withdrawal, as required by DR 2-110(A)(1). Therefore, we limit our finding to DR 2-110(A)(2).

(prohibiting neglect of an entrusted legal matter), 7-101(A)(1) (prohibiting a lawyer from intentionally failing to seek the lawful objectives of his client), 7-101(A)(2), and 9-102(B)(4).

{¶ 7} As to count four, the parties have stipulated that in June 2005, respondent entered an oral agreement to represent a man and his business partners regarding tax matters, the reorganization of certain business entities, and a possible bankruptcy. However, respondent has not communicated with the clients since 2005 and has failed to complete all the work. Although he did not return the client's documents to them, he did deliver the entire file to relator in June 2007. The parties have stipulated, the panel and board have found, and we agree, that respondent's conduct violated DR 7-101(A)(2) and 9-102(B)(4). The panel, however, dismissed the parties' stipulation that respondent's conduct after February 1, 2007, violated several Rules of Professional Conduct because violations of those rules had not been charged in the complaint.

{¶ 8} With respect to the fifth and final count of relator's complaint, the parties have stipulated that respondent failed to submit a written response to any of the grievances arising from his conduct in counts one through four. After he was subpoenaed, respondent did appear and testify at a June 2007 deposition, during which he agreed to provide relator with various documents and additional information; however, he failed to do so. And despite having been advised at the deposition of his obligation to cooperate with disciplinary authorities, and having expressed contrition for having failed to cooperate, respondent continued to ignore letters of inquiry regarding grievances that were filed after the deposition was held. Therefore, we find that respondent's conduct violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

**Sanction**

{¶ 9} In recommending a sanction, the panel and board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). See *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.

{¶ 10} As aggravating factors, the panel and board found that respondent had a prior disciplinary record, had engaged in a pattern of misconduct involving multiple offenses, was initially uncooperative with the disciplinary process and was slow to produce requested materials, harmed several clients, and failed to make prompt restitution. See BCGD Proc.Reg. 10(B)(1)(a), (c), (d), (e), (h), and (i). Mitigating factors recognized by the panel and board include the absence of a dishonest or selfish motive and respondent's eventual full and free disclosure to the board and cooperative attitude toward the proceedings. See BCGD Proc.Reg. 10(B)(2)(b) and (d). Although the panel and board also found as mitigating factors that respondent had been dealing with a number of significant stressors, including a divorce, financial problems, lack of health insurance, and a major depressive disorder, they refused to allow his mental disability as a mitigating factor because respondent did not provide a prognosis from a qualified health-care professional that he is able to return to the competent, ethical, professional practice of law. See BCGD Proc.Reg. 10(B)(2)(g).

{¶ 11} Citing respondent's neglect of client matters, failure to cooperate in his investigation, and long-standing depression, relator recommended that respondent be indefinitely suspended from the practice of law. Respondent argued in favor of a six-month suspension. The panel and board, however, recommended that respondent be suspended for two years with the second year stayed on the conditions that he establish by clear and convincing evidence all the

requirements for reinstatement under Gov.Bar R. V(10)(C) through (G), that he refrain from further violation of the Rules of Professional Conduct, that he make restitution to the clients discussed in count three, and that he pay all costs assessed against him in this matter.

{¶ 12} In making this recommendation, the panel expressed concern regarding respondent's depression, which was first diagnosed in 2006, and its treatment. Respondent submitted a report from Donald J. Tosi, Ph.D., diagnosing him with severe, single-episode, major depressive disorder and stating that the disorder was causally connected to his misconduct. Dr. Tosi stated that he believes that respondent needs at least six to 12 months of psychological and psychiatric treatment to address his depression, but he did not state that he would be providing that treatment – indeed, his letterhead describes him as an independent psychological examiner and consultant rather than as a clinical psychologist. Moreover, he does not offer any prognosis whether respondent will be able to return to the competent, ethical, and professional practice of law at the completion of the recommended treatment.

{¶ 13} Respondent had terminated treatment with two other mental-health professionals by 2008, and he met with Dr. Tosi just one-and-a-half months before his May 2010 disciplinary hearing. Respondent testified that he stopped meeting with his first mental-health professional when OLAP referred him to someone else. When he "didn't feel comfortable with [the second doctor]," he also stopped seeing him, but he did not seek a second referral from OLAP. Thus, the timing and nature of Dr. Tosi's involvement in this case led the panel to believe that he was a "hired gun" brought in to influence the panel to minimize respondent's sanction.

{¶ 14} We have consistently recognized that neglect of an entrusted legal matter coupled with a failure to cooperate in the ensuing disciplinary investigation warrants an indefinite suspension. See, e.g., *Cleveland Metro. Bar Assn. v.*

*Gottehrer*, 124 Ohio St.3d 519, 2010-Ohio-929, 924 N.E.2d 825, ¶ 16; *Disciplinary Counsel v. Hoff*, 124 Ohio St.3d 269, 2010-Ohio-136, 921 N.E.2d 636, ¶ 10; and *Cleveland Bar Assn. v. Davis*, 121 Ohio St.3d 337, 2009-Ohio-764, 904 N.E.2d 517, ¶ 17. We have also imposed indefinite suspensions on attorneys who suffered from mental illness or substance abuse but who failed to present sufficient evidence to establish that their condition qualified as a mitigating factor pursuant to BCGD Proc.Reg. 10(B)(2)(g)(i) through (iv). See *Disciplinary Counsel v. Ridenbaugh*, 122 Ohio St.3d 583, 2009-Ohio-4091, 914 N.E.2d 443; *Disciplinary Counsel v. Wolanin*, 121 Ohio St.3d 390, 2009-Ohio-1393, 904 N.E.2d 879; and *Disciplinary Counsel v. Young*, 102 Ohio St.3d 113, 2004-Ohio-1809, 807 N.E.2d 317. This sanction serves to protect the public while leaving open the possibility that with proper rehabilitation, the sanctioned attorney might one day be able to resume the competent, ethical, and professional practice of law.

{¶ 15} In this case, respondent engaged in the practice of law while his license was under a registration suspension, neglected legal matters to the detriment of his clients, and failed initially to cooperate in the ensuing disciplinary investigations. Although respondent eventually stipulated to his misconduct and corresponding ethical violations, the evidence demonstrates that he has suffered from major depression since 2006 and, despite having received some treatment, that the depression is not under control. Therefore, we conclude that an indefinite suspension is necessary to ensure that respondent receives appropriate treatment for his depression and that he is capable of resuming the competent, ethical, and professional practice of law.

{¶ 16} Accordingly, we indefinitely suspend respondent from the practice of law and condition any future reinstatement on the submission of proof that respondent has participated in OLAP, has obtained treatment for his depression, has fulfilled all follow-up care and reporting requirements imposed by OLAP and his treating professionals, has made restitution to the clients discussed in count

three, and has paid the costs of this proceeding. Upon petitioning for reinstatement, respondent shall also be required to submit testimony from a qualified mental-health professional to demonstrate that he is capable of returning to the competent, ethical, and professional practice of law. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., dissents and would suspend the respondent for two years, with one year stayed.

_____

Jeffrey D. Fortkamp, Robert J. Morje, Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

James D. Gilbert, for respondent.

_____