DISCIPLINARY COUNSEL *v.* NOEL.

[Cite as *Disciplinary Counsel v. Noel,* 134 Ohio St.3d 157, 2012-Ohio-5456.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including client-trust-account improprieties, dishonesty, and failure to cooperate in a disciplinary investigation—Indefinite suspension.*

(No. 2012-0656—Submitted June 6, 2012—Decided November 28, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-051.

_____

**Per Curiam**.

{¶ 1} Respondent, Gerald Thomas Noel Jr. of Bexley, Ohio, Attorney Registration No. 0063972, was admitted to the practice of law in Ohio in 1994. On June 17, 2010, we determined that Noel had committed professional misconduct for neglecting entrusted client matters, failing to promptly deliver a client's file upon request, and failing to cooperate in the disciplinary process. *Disciplinary Counsel v. Noel*, 126 Ohio St.3d 56, 2010-Ohio-2714, 930 N.E.2d 312. We suspended Noel from the practice of law for two years, with six months stayed, on the conditions that he commit no further misconduct and complete a law-office-management course. *Id.* at ¶ 27. Noel's term of suspension has expired, but he has not applied for reinstatement.

{¶ 2} On June 13, 2011, relator, disciplinary counsel, charged Noel in a two-count complaint with failing to maintain client funds in a separate, interest-bearing trust account; engaging in conduct that reflects adversely on his fitness to practice law and involves dishonesty, fraud, deceit, or misrepresentation; and failing to cooperate in the disciplinary process. Noel did not initially answer, and

relator therefore moved for an entry of default. On October 11, 2011, after requesting an extension of time to respond, Noel answered.[1]

**{¶ 3}** On January 20, 2011, a three-member panel of the board conducted a hearing at which Noel and one of the grievants testified. The parties also submitted stipulated facts, exhibits, and violations of the Rules of Professional Conduct. Relator recommended a sanction of indefinite suspension, while Noel recommended that he serve another two-year suspension, with the entire term stayed on the condition of monitored probation. The panel accepted the parties' stipulations, made additional findings of fact, and recommended that Noel be indefinitely suspended, with the suspension to commence on the expiration of the previously imposed two-year suspension. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction. No objections have been filed.

**{¶ 4}** We, in turn, accept the board's findings of fact and misconduct and indefinitely suspend Noel from the practice of law in Ohio.

### Misconduct

### Count One—The Zubaidah Matter

**{¶ 5}** During the summer of 2010, King Ayettey Zubaidah contacted Noel to file a motion for judicial release on behalf of Zubaidah's son, KC Del McGee, who was a former client of Noel's. Noel agreed to file the motion on McGee's behalf, and in early September 2010, Zubaidah sent a $350 money order to Noel's former office address. On September 16, 2010, Noel deposited the money into his business checking account, even though he also maintained a client trust account at the same bank. In early October 2010, Zubaidah sent Noel a second $350 money order, which Noel also deposited into his business checking

---

1. We note that both the panel and board reports indicate that Noel filed an answer on October 11, 2011, and therefore we accept that the answer was filed. The record, however, does not include a copy of Noel's answer.

account. After delivery of the second money order, Zubaidah attempted to contact Noel several times about the status of the judicial-release motion, but Noel did not return any of Zubaidah's phone calls.

{¶ 6} In November 2010, Zubaidah filed a grievance against Noel. In December 2010 and January 2011, relator sent Noel three separate letters of inquiry by certified mail regarding Zubaidah's grievance. Although Noel signed for each letter, he failed to respond to any of them. Relator ultimately subpoenaed Noel for a deposition, and he appeared on February 16, 2011.

{¶ 7} At his deposition, Noel testified that he had picked up Zubaidah's money orders from his former office in December 2010. Noel further testified that he did not return Zubaidah's money because he believed he could not have any contact with Zubaidah after the filing of the grievance. Instead, Noel felt he was "protecting" the money by depositing it into his own business checking account.

{¶ 8} After the deposition, relator sent Noel two separate follow-up letters, each requesting a response. Noel, however, failed to respond to either letter. Noel responded only after relator filed a complaint and motion for entry of default, at which time Noel answered and stipulated to most of the allegations and all the charged misconduct. By that time, November 2011, Noel was unable to refund Zubaidah's money because of his personal financial situation.

{¶ 9} At the January 2012 panel hearing, Noel retracted portions of his deposition testimony. Specifically, he acknowledged that he had received and deposited Zubaidah's money orders in September and October 2010 before Zubaidah filed the grievance against him. Noel further acknowledged that despite his having accepted Zubaidah's money in September and October, the motion for judicial release could not have been filed until May 2011, at the earliest. Finally, Noel could not give a reasonable justification for failing to refund Zubaidah's money before his own finances had depleted, although, at the hearing, he handed

a cashier's check to Zubaidah for $777.76, which was meant as a refund, plus interest.

{¶ 10} The parties stipulated, the board found, and we agree that Noel's conduct violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and Gov. Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

## Count Two—The Riley Matter

{¶ 11} On the day before Noel's deposition in the Zubaidah matter, relator received a grievance filed against Noel by Crystal Riley. In her grievance, Riley claimed that Noel had represented her in a criminal matter and that she had been trying to obtain a copy of the discovery filed in her case for the past three years. Relator and Noel briefly discussed Riley's grievance at the Zubaidah deposition, and relator advised Noel that he would be receiving a formal letter of inquiry about the new grievance.

{¶ 12} As promised, in February and again in March 2011, relator sent Noel two separate letters of inquiry. Each letter was sent by certified mail and requested that Noel respond in writing to Riley's allegations. Although Noel signed for the letters, he failed to respond. Relator ultimately determined that there was insufficient evidence of an ethical violation relating to the merits of Riley's grievance, but the parties stipulated, the board found, and we agree that Noel violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(4)(G) for failing to respond to relator's letters of inquiry or to otherwise cooperate in the investigation.

**Sanction**

{¶ 13} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 14} We have already identified Noel's breaches of duties to his clients and the legal profession. By failing to deposit Zubaidah's money orders into a client trust account, Noel violated Prof.Cond.R. 1.15(a). He violated Prof.Cond.R. 8.4(c) and 8.4(h) by accepting and spending Zubaidah's money, failing to do the requested work, and giving contradictory testimony in his deposition and at the hearing regarding when he had accepted the money orders or why he had not returned the money. Finally, Noel violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(4)(G) for repeatedly failing to respond to relator's letters in the Zubaidah and Riley matters.

{¶ 15} The board did not find any mitigating factors. The board acknowledged that Noel attributed most of his misconduct to grief over his younger brother's death, which had occurred weeks before his acceptance of Zubaidah's first money order. At the panel hearing, Noel testified that he had discovered his brother's body, an experience that later caused him stress and nightmares. Noel blamed his failure to respond to relator's letters of inquiry on that stress, and Noel believed that the stress continued to affect him at the time of his February 2011 deposition. The board found, however, that because Noel had not sought professional help for his emotional condition—and therefore had not been diagnosed with a mental disability by a qualified health-care professional— the stress did not qualify as a mitigating factor under BCGD Proc.Reg.

10(B)(2)(g). Similarly, the board found that because Noel did not tender restitution to Zubaidah until the date of the panel hearing, January 20, 2012, more than a year after Noel had accepted Zubaidah's money, he did not make a "timely good faith effort to make restitution or to rectify consequences of misconduct" under BCGD Proc.Reg. 10(B)(2)(c).

{¶ 16} As to aggravating factors, the parties stipulated that Noel had been previously disciplined, had engaged in multiple offenses, had failed to cooperate in the disciplinary proceedings that led to his two-year suspension and to the instant disciplinary proceedings, and had failed to make restitution to Zubaidah. *See* BCGD Proc.Reg. 10(B)(1)(a), (d), (e), and (i). The board accepted the stipulations but acknowledged that Noel ultimately refunded Zubaidah's money, thereby making the final aggravating factor no longer applicable. However, because Noel was unable to justify why he spent the money after having accepted it, the board accorded "little weight" to Noel's eventual refund.

{¶ 17} For precedent, the board cited *Disciplinary Counsel v. Davis*, 130 Ohio St.3d 440, 2011-Ohio-6016, 958 N.E.2d 1230, to support its recommendation of an indefinite suspension. In *Davis*, we indefinitely suspended a lawyer for accepting client money and not performing the work, failing to return clients' documents and money while under suspension, and failing to cooperate in the disciplinary process. *Id.* at ¶ 3-16. We held that these violations, combined with a profusion of aggravating factors—including previous discipline for comparable conduct—and the lack of any mitigating factors, warranted an indefinite suspension. *Id.* at ¶ 22. The board also considered four analogous cases in which the same penalty had been levied. *See, e.g.*, *Cleveland Metro. Bar Assn. v. Gottehrer*, 124 Ohio St.3d 519, 2010-Ohio-929, 924 N.E.2d 825 (indefinite suspension for accepting client retainers in matters in which the respondent did not do the work, failing to respond to client communications, failing to return client retainers, and failing to cooperate in disciplinary

proceedings); *Columbus Bar Assn. v. Clovis*, 125 Ohio St.3d 434, 2010-Ohio-1859, 928 N.E.2d 1078 (indefinite suspension for accepting a client's money for a matter in which the respondent did not do the work, failing to return a client's documents and money, and failing to cooperate in the disciplinary proceeding); *Columbus Bar Assn. v. Van Sickle*, 128 Ohio St.3d 376, 2011-Ohio-774, 944 N.E.2d 677 (indefinite suspension for practicing while under license suspension, failing to complete the work, and failing to respond to requests for return of funds and documentation); and *Cuyahoga Cty. Bar Assn. v. Wagner*, 113 Ohio St.3d 158, 2007-Ohio-1253, 863 N.E.2d 164 (indefinite suspension for accepting a client's money for matters in which respondent did not do the work, failing to return a client's money, and failing to cooperate in disciplinary proceedings).

{¶ 18} Having reviewed the record, the aggravating factors, and the fact that no mitigating factors exist in this case, and having considered the sanctions previously imposed for comparable conduct, we adopt the board's recommended sanction of an indefinite suspension. Accordingly, Gerald Thomas Noel Jr. is indefinitely suspended from the practice of law in the state of Ohio, with the suspension to commence on the date of our order. Costs are taxed to Noel.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, Lori J. Brown, Chief Assistant Disciplinary Counsel, and Karen H. Osmond, for relator.

Gerald T. Noel Jr., pro se.

_____